IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAVAR WILSON                                                           PLAINTIFF

            v.                   Civil No. 4:11-cv-04057

PROSECUTING ATTORNEY
CARLTON JONES; STATE OF
ARKANSAS; and MILLER
COUNTY, ARKANSAS                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Pursuant to
the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States
District Judge, referred this case to the undersigned for the purpose of making a report and
recommendation.

The case is before me on the *in forma pauperis* (IFP) application and for preservice screening
under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court
has the obligation to screen any complaint in which a prisoner seeks redress from a governmental
entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, Plaintiff has been wrongfully imprisoned, his
named has been slandered, and Defendants have failed to obtain his DNA.  As relief, he seeks one
hundred thousand dollars in compensatory damages and fifty thousand dollars in punitive damages.

### 2.  Discussion

The Plaintiff is an inmate of the Miller County Correctional Facility.  In reviewing an IFP
application, there is a two step process followed by the Court. First, a determination of whether the
Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed.

-1-

Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he has no current income and no assets. The records from the detention center show his monthly balance for the past six months averaged about thirteen dollars ($13.00) dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, the Prosecuting Attorney Carlton Jones is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While

the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Plaintiff's false incarceration claim is subject to dismissal.  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim that would necessarily imply the invalidity of a conviction is premature.  In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73(footnotes omitted).

Thus, with respect to Plaintiff's claim for relief in the form of "freedom" from his sentence, he may pursue habeas corpus relief by filing a 28 U.S.C. § 2254 petition in this court after exhaustion of all available state remedies.  *See Heck,* 114 S. Ct. at 2369.  *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(may not seek to overturn a guilty plea in a § 1983 action).

Third, the claims against the State of Arkansas are subject to dismissal.  The claims are barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court."

*Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing  Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

Finally, with respect to Miller County, no claim has been stated.  Governmental entities "may not be held liable under § 1983 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Stepnes v. Ritschel*, 663 F.3d 952, 963 (8th Cir. 2011)(*quoting Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978)).  There is no allegation in this case that any municipal policy or custom led to the deprivation of Plaintiff's constitutional rights.

**4.  Conclusion**

Accordingly, I recommend that Plaintiff's request to proceed IFP be denied and the Complaint be dismissed with prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 17th day of January 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE